UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

MYRON "BAM" SMITH )
)
v. ) NO. 1:05-CV-177
) (CR. 1:00-CR-14)
UNITED STATES OF AMERICA )

## MEMORANDUM OPINION

Myron "Bam" Smith brings this *pro se* motion to vacate, set aside or correct his sentence, 28 U.S.C. § 2255, challenging the constitutionality of his confinement under a prior judgment of this Court. Pursuant to his plea of guilty, the Petitioner was convicted of distribution of crack cocaine, in violation of 21 U.S.C. § 846 and § 841(a)(1). He was sentenced to 188 months of imprisonment, but his sentence was vacated on appeal and remanded for resentencing. *United States v. Smith*, 278 F.3d 605 (6th Cir. 2002). Upon remand, the Petitioner received the identical 188-month prison sentence, which was later affirmed on appeal.[1] *United States v. Smith*, 105 Fed.Appx. 711, 2004 WL 1559523 (6th Cir. July 9, 2004).

In his motion, the Petitioner first claims three prior convictions used to support his career offender enhancement, in fact, should have counted as *one* conviction (since they were related; were part of the same common scheme; were not separated by an intervening

---

[1] After a successful appeal of his original 2000 sentence, the petitioner was resentenced in 2003. It is, of course, the 2003 sentence which the subject of this § 2255 motion.

arrest; and were consolidated for sentencing).  He also maintains he was confined in jail at the time the offenses which underlay the three prior convictions were committed, impliedly asserting he was actually innocent of those offenses.  Finally, he contends the Court abused its discretion in failing to investigate the prior convictions to justify the career offender enhancement.

To place the Petitioner's claims in context, a little background will be helpful. Prior to sentencing, the government filed a notice of intent to use three of the Petitioner's state convictions for the sale of cocaine to enhance his punishment.  Not included in the notice was a fourth conviction for the sale and casual exchange of cocaine.  The Presentence Investigation Report (PSR) was prepared, during the course of which the probation officer determined all four convictions constituted predicate offenses under § 4B1.1 of the United States Sentencing Guidelines, so as to qualify the Petitioner for career offender status and that, due to his career offender status, his offense level was 34 (instead of the 20, which it would have been had the Petitioner not been a career offender).[2]

The Petitioner objected to the career offender finding and sought a downward departure, arguing, *inter alia*, that the career offender guidelines did not give adequate consideration to the disproportionate treatment of drug offenders sentenced to the same

---

[2]  Under § 4B1.1, a defendant is a career offender if (1) he was at least eighteen years old at the time he committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) he has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

2

Case 1:05-cv-00177   Document 4   Filed 07/21/05   Page 2 of 4   PageID #: 2

penalty range for offenses involving drastically different drug quantities.[3] On appeal, the petitioner offered the same argument. In fact, the case was remanded for the Court to clarify whether it was aware it could grant a downward departure because the Petitioner's criminal history category over-represented his actual criminal history. No claim was raised, at his sentencing or in his appeal, that his three prior convictions should have counted as one conviction.

Where an alleged error could have been asserted on direct appeal but was not, it is considered procedurally defaulted, and a petitioner must demonstrate both "cause" for his failure to previously raise the issue and "actual prejudice" resulting from his failure to present the claim on direct appeal. *United States v. Frady,* 456 U.S. 152, 167-68 (1982); *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000) (requiring a petitioner who had failed to raise an issue at sentencing or on appeal to show cause and prejudice).

By failing to raise this issue at sentencing or in his direct appeal, the Petitioner has committed a double procedural default, for which he offers neither cause nor prejudice. Moreover, though the Petitioner impliedly asserts he was actually innocent of those prior state convictions, he can only collaterally attack those state convictions on the basis that he was denied his right to counsel. *United States v. Custis*, 511 U.S. 485, 496 (1994) (holding the right to collaterally attack a prior criminal conviction in a subsequent proceeding for enhancement purposes is limited to the actual denial of counsel). *See also Daniels v. United*

---

[3] Three of the Petitioner's prior convictions involved sales of 0.19 gram; 0.1 gram; and 0.2 gram of cocaine respectively.

*States*, 532 U.S. 374, 375 (2001) (extending *Custis* to § 2255 context); *accord Turner v. United States*, 183 F.3d 474, 477 (6th Cir.1999) ("We read *Custis* as requiring [the defendant] to challenge the underlying state convictions first in the state court or in an independent habeas corpus proceeding brought pursuant to 28 U.S.C. § 2254. Only after [the defendant] succeeds in such a challenge can he seek to reopen his [federal] sentence . . . ."). This is so even if it leaves a petitioner without any legal recourse because the prior state court convictions used to enhance his federal sentence are no longer open to a direct or collateral attack in their own right because he did not pursue state remedies when they were available. *Daniels*, 532 U.S. at 382.

For the reasons indicated above, the United States will not be required to answer this § 2255 motion to vacate, set aside or correct sentence because the issues offered in the motion have been procedurally defaulted and because no cause and prejudice has been shown. Since it plainly appears from the face of the motion and the prior proceedings that the Petitioner is not entitled to relief, this motion will **DENIED** and the § 2255 case **DISMISSED**.

An appropriate order will follow.

**ENTER**:

                                               **/s/**
                                 **CURTIS L. COLLIER**
                      **UNITED STATES DISTRICT JUDGE**